Reynolds v. Wray.

## Roy Reynolds v. A. M. Wray.

### Gen. No. 4.761.

1. INSTRUCTION—*when erroneous with respect to degree of proof required.* An instruction in a civil action is erroneous which requires proof on the part of the plaintiff to such extent as to remove all doubt from the minds of the jury.

2. WARRANTY—*when instruction in action upon, misleading.* In an action upon a breach of warranty in which no claim is made of a failure to exercise due care, an instruction authorizing recovery upon proof of a showing of the failure to exercise due care, is prejudicially misleading.

Action commenced before justice of the peace. Appeal from the County Court of McHenry county; the Hon. O. H. GILLMORE, Judge, presiding. Heard in this court at the October term, 1906. Reversed and remanded. Opinion filed August 6, 1907.

LUMLEY & FIELD, for appellant.

C. P. BARNES, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This case was tried by a jury in the County Court of McHenry county upon appeal from a police magistrate. The jury found a verdict for the defendant, upon which judgment was entered, and the plaintiff appeals to this court. The action was brought by appellant to recover damages for the death of a stallion owned by appellant resulting from castration by the appellee, who is a veterinary surgeon. The evidence

tends to show that appellant seeks to recover on a special contract wherein appellee agreed to perform the operation and guaranteed that the stallion would be all right and that there was not a .bit of danger to the horse in the operation. Appellee claims that he did not guarantee that the horse would be all right after the operation, but only guaranteed he would not bleed to death as a result of the operation. Appellee's defense is that he did not warrant the horse would be all right, and that he did all that he was required to do in that he exercised the ordinary care of a veterinary surgeon. The disagreement between the parties is as to what were the conditions of the contract. The difference being a question of fact it was necessary that the jury should be accurately instructed.

The tenth instruction given at the request of the appellee is: "If the jury after a careful consideration of all the evidence, facts and circumstances proven on the trial, find that their minds are in doubt and uncertainty as to whether the defendant made any agreement or warranty that the horse would be all right, then the jury should find no such warranty was made by the defendant." If the jury should from the preponderance of the evidence believe that plaintiff had proven the warranty claimed, that was sufficient to entitle him to recover, if the proof further showed that the horse died from the operation. The instruction as given would require a much greater degree of proof on the part of the plaintiff. It required the proof on the part of the plaintiff to remove all doubt from the minds of the jury, and virtually applied the rule in criminal causes to this case.

The second and fourth instructions given for the plaintiff and the fourteenth and fifteenth instructions given for the defendant were in direct conflict with each other. The fourth instruction given for the plaintiff is: "If the jury believe from the evidence, facts and circumstances proven in the case, that the defend-

ant agreed to and with the plaintiff that for a certain consideration he would perform the operation of castration upon the horse which is the subject of this suit, and that said defendant then and there said to the plaintiff: 'I will castrate him and guarantee the horse all right,' and in accordance with said contract the defendant did perform said operation and that the horse in question died as a result thereof, the jury should find for the plaintiff and assess his damages at whatever sum has been proven on trial if any.'' This instruction gave the law correctly on plaintiff's theory of the case. The fourteenth given for the defendant is: ''Even though the jury may and do believe from the evidence that the defendant said to the plaintiff, in speaking of the operation, that there would be no danger and that he would warrant it or that 'he would warrant the stallion would be all right,' still that did not make the defendant an insurer of the life of said stallion and was not any guarantee that he would be responsible for the death of said stallion, unless his death was caused by lack of skill on the part of defendant.'' The plaintiff made no claim otherwise than on the warranty, and if the defendant did warrant that the horse would not die from the operation, then he must respond in damages for any breach of his warranty, as the operation was done for an agreed compensation. The instruction was misleading to the jury and should not have been given, as there was no claim of lack of care on the part of the surgeon. The judgment is reversed because of erroneous instructions given on the part of appellee and the cause remanded.

*Reversed and remanded.*